IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

POWER AND SYSTEMS INNOVATIONS,
INC., a Florida corporation,

       Plaintiff,

                            CASE NO. 00-CV-50-ORL-99-A

    v.

TRIPPE MANUFACTURING
COMPANY, an Illinois corporation,
and INTERNATIONAL BUSINESS
MACHINES, a New York corporation,

       Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT TRIPPE MANUFACTURING COMPANY**

COMES NOW Defendant Trippe Manufacturing Company, and for its answer and affirmative defenses to the complaint served upon it by Plaintiff Power and Systems Innovations, Inc. on February 14, 2000, states:

**PARTIES, JURISDICTION AND VENUE**

1.    Defendant Trippe Manufacturing Company (herein "Defendant Trippe") is without knowledge as to the allegations of ¶1 and therefore denies same.

2.    Defendant Trippe admits the allegations of ¶2.

2000 MAR -2 PM 4:08
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA
NIGHT BOX FILED



        KP\Trippe\002-Ans

3.    Defendant  Trippe  is  without  knowledge  as  to  the
allegations of ¶3 and therefore denies same.

4.    Defendant Trippe admits that this action asserts a claim
under  the  Federal  Trademark  Act,  but  denies  the  remaining
allegations of ¶4.

5.    Defendant Trippe acknowledges that it engages in business
in Florida, but is without knowledge as to whether Defendant IBM
engages  in  business  in  Florida,  and  therefore  denies  the
allegations  of  ¶5  asserting  same.    Further,  Defendant  Trippe
specifically denies the allegations set out in the second sentence
of ¶5.

6.    Defendant Trippe denies the allegations of ¶6.

## **GENERAL ALLEGATIONS**

7.    Defendant  Trippe  is  without  knowledge  as  to  the
allegations of ¶7 and therefore denies same.

8.    Answering the allegations of ¶8, Defendant Trippe admits
that  power  protection  equipment  is  used  to  prevent  damage  to
computers  and  other  electronic  systems.    Defendant  Trippe  is
without  knowledge  as  to  the  remaining  allegations  of  ¶8  and
therefore denies same.

KP\Trippe\002-Ans

9.   Defendant   Trippe   is   without   knowledge   as   to   the allegations of ¶9, and therefore denies same.


10.   Defendant  Trippe  acknowledges  that  Exhibit  1  to  the complaint  appears  to  be  a  copy  of  Registration  No.  2,110,310  for the  mark  **POWER PRO**  and  a  particular  design,  with  the  word  "Power" disclaimed.   Defendant Trippe denies the balance of ¶10.


11.   Defendant   Trippe   is   without   knowledge   as   to   the allegations of ¶11 of the complaint, and therefore denies same.


12.   Defendant   Trippe   is   without   knowledge   as   to   the allegations of ¶12 of the complaint, and therefore denies same.


13.   Answering  ¶13,  Defendant  Trippe  admits  that  it  is  a manufacturer  and  seller  of  surge  suppression  systems  and  that  it enjoys  a  brand  name  license  with  IBM  for  certain  power  protection products.    Defendant  Trippe  also  acknowledges  that  Exhibit  2 appears  to  be  a  copy  of  a  press  release  made  by  Defendant  Trippe. The  balance  of  the  allegations  of  ¶13  which  are  not  specifically admitted are denied.


14.   Answering  ¶14,  Defendant  Trippe  specifically  denies  that either  it  or  Defendant  IBM  has  marketed  and  promoted  power protection  systems  under  the  trademark  POWERPRO,  but  instead  has used  the  term  "PowerPro"  as  an  abbreviation  for  the  term  "power protection,"  as  is  clearly  evidenced  by  Defendant  Trippe's  and

Defendant IBM's website information appended as Exhibits 3 and 4 to Plaintiff's complaint.

15.  Answering the allegations of ¶15, Defendant Trippe repeats the denial set out above in response to ¶14.

16.  Defendant Trippe is without knowledge as to the allegations of ¶16 and therefore denies same.

17.  Defendant Trippe is without knowledge as to the allegations of ¶17 and therefore denies same.

18.  There is no paragraph number 18 in Plaintiff's complaint.

19.  Answering ¶19, Defendant Trippe asserts that no assignment or license to use the term "Power Pro" is required from Plaintiff PSI.  The remaining allegations of ¶19 are denied.

20.  Defendant Trippe denies the allegations of ¶20.

21.  Defendant Trippe denies the allegations of ¶21.

22.  Defendant denies the allegations of ¶22.

## COUNT I

23.  Defendant Trippe here restates and incorporated by reference its earlier answers to ¶¶1-21 as set out above.

KP\Trippe\002-Ans

24.  Defendant Trippe denies the allegations of ¶24.

25.  Defendant Trippe denies the allegations of ¶25.

26.  Defendant Trippe denies the allegations of ¶26.

27.  Defendant Trippe denies the allegations of ¶27.

28.  Defendant Trippe denies the allegations of ¶28.


## COUNT II

29.  Defendant Trippe here restates and incorporates by reference its earlier answers to ¶¶1-22 as set out above.

30.  Defendant Trippe denies the allegations of ¶30.

31.  Defendant Trippe denies the allegations of ¶31.

32.  Defendant Trippe denies the allegations of ¶32.

33.  Defendant Trippe denies the allegations of ¶33.

34.  Defendant Trippe denies the allegations of ¶34.

35.  Defendant Trippe denies the allegations of ¶35.

KP\Trippe\002-Ans

36.   Defendant Trippe denies the allegations of ¶36.

37.   Defendant Trippe denies the allegations of ¶37.

## COUNT III

38.   Defendant Trippe here restates and incorporates by reference its previous answers to ¶¶1-22 as set out above.

39.   Defendant Trippe denies the allegations of ¶39.

40.   Defendant Trippe denies the allegations of ¶40.

41.   Defendant Trippe denies the allegations of ¶41.

42.   Defendant Trippe denies the allegations of ¶42.

43.   Defendant Trippe denies the allegations of ¶43.

## COUNT IV

44.   Defendant Trippe here restates and incorporates by reference its previous answers to ¶¶1-22 as set out above.

45.   Defendant Trippe denies the allegations of ¶45, including those set out in sub-paragraphs a.-d.

46.   Defendant Trippe denies the allegations of ¶46.

KP\Trippe\002-Ans

## COUNT V

47.   Defendant Trippe here restates and incorporates by reference its previous answers to ¶¶1-22 as set out above.

## COUNT VI

48.   Defendant Trippe here restates and incorporates by reference its previous answers to ¶¶1-22 as set out above.

49.   Defendant Trippe denies the allegations of ¶49.

50.   Defendant Trippe denies the allegations of ¶50.

51.   Defendant Trippe denies the allegations of ¶51.

52.   Defendant Trippe denies the allegations of ¶52.

## COUNT VII

53.   Defendant Trippe here restates and incorporates by reference its previous answers to ¶¶1-22 as set out above.

54.   Defendant Trippe denies the allegations of ¶54.

55.   Defendant Trippe further denies that Plaintiff is entitled to any of the reliefs requested in the Prayer for Relief in ¶¶a.-f., inclusive on pages 9-10 of the complaint.

KP\Trippe\002-Ans

## AFFIRMATIVE DEFENSES

56.  As a first affirmative defense, Defendant Trippe asserts that the term "power pro" is a descriptive abbreviation of the term "power protection".

57.  As a second affirmative defense, Defendant Trippe asserts that any use of the term "power pro" as an abbreviation of the term "power protection" is a fair use of that term.

58.  As a third affirmative defense, Defendant Trippe asserts that Plaintiff's claims are barred by the equitable doctrines of laches, estoppel or waiver.

Respectfully submitted,

Herbert L. Allen
Florida Bar No. 114126
Brian R. Gilchrist
Florida Bar No. 774065
Allen, Dyer, Doppelt, Milbrath
 & Gilchrist, P.A., Suite 1401
255 S. Orange Avenue
Post Office Box 3791
Orlando, Florida 32802
Telephone:  407/841-2330
Telefax:  407/841-2343

KP\Trippe\002-Ans

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRIPPE MANUFACTURING COMPANY has been forwarded to Tamara Carmichael, Esquire, Broad and Cassel, Suite 3000-Miami Center, 201 South Biscayne Boulevard, Miami, Florida 33131, and Gerald B. Mullin, Esquire, Rosenthal and Schanfield, 55 East Monroe Street, 46th Floor, Chicago, Illinois 60603 this 2nd day of March, 2000.

KP\Trippe\002-Ans